UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-02350-PAB-MEH

CHRISTOPHER GUIDA, on behalf of
himself and others similarly situated,

    Plaintiff,

vs.

GAIA, INC.,

    Defendant.

## GAIA, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Gaia, Inc. ("Gaia") submits this Notice of Supplemental Authority regarding its pending Motion to Dismiss. *See* ECF Nos. 20, 24-25. After Gaia submitted its Motion to Dismiss, a district court in the Southern District of New York dismissed a claim under the Video Privacy Protection Act ("VPPA") alleging that the defendant violated the statute by placing Meta pixel code on its "People.com" website. *Martin v. Meredith Corp.*, Case No. 22-cv-4776 (DLC), 2023 WL 2118074 (S.D.N.Y. Feb. 17, 2023). The plaintiff in *Martin* argued that the defendants unlawfully disclosed personally identifiable information ("PII") when users' Facebook IDs were transmitted to Meta through its Pixel, along with webpage URLs containing the title of videos available on the webpage. *Id.* at *9. The plaintiff argued this information revealed that users had requested or obtained a particular video as required under the VPPA. Plaintiff Guida asserts a similar claim in the present litigation.

The *Martin* court rejected the plaintiff's theory and dismissed the complaint, holding that such disclosures did not constitute PII under the VPPA, because:

simply sending the URL of a . . . webpage which may or may not include a video does not show that a person requested or obtained specific video materials or services. And even for webpages including a video, **sending the URL does not identify a person as having requested or obtained the video on the page since the person may instead have merely reviewed an articles on the page or opened the page and done nothing more.**

*Id.* at *12 (emphasis added).

The *Martin* court thus adopted a ground for dismissal advanced in Gaia's motion to dismiss briefing—namely, that its alleged conduct described in the Complaint does not "identif[y] a person as having requested or obtained specific video materials or services from a video tape service provider." *See* Def's. Br. (ECF No. 20) at 13-15; Reply Br. (ECF No. 25) at 6-8.

Respectfully submitted, this 29th day of March 2023.

2

| | |
|---|---|
| DATED this 29th day of March, 2023 | */s/ Kelsey C. Boehm*<br>Thomas J. Krysa<br>Kelsey C. Boehm<br>Stephanie Adamo<br>Foley & Lardner LLP<br>1400 16th Steet, Suite 200<br>Denver, CO  80202-1471<br>Phone:  720.437.2000<br>Fax:     720.437.2200<br>tkrysa@foley.com<br>kboehm@foley.com<br>sadamo@foley.com<br><br>Todd A. Murray<br>Foley & Lardner LLP<br>2021 McKinney Avenue, Suite 1600<br>Dallas, TX  75201-3340<br>Phone:  214.999.3000<br>Fax:     214.999.4667<br>tmurray@foley.com<br><br>Eileen R. Ridley<br>Foley & Lardner LLP<br>555 California Street, Suite 1700<br>San Francisco, CA  94104<br>Phone:  415.438.6469<br>Fax:     415.434.4507<br>eridley@foley.com |

3

4

## CERTIFICATE OF SERVICE

I certify that on March 29, 2023, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Kelsey C. Boehm*
Kelsey C. Boehm