IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02350-GPG-MEH

CHRISTOPHER GUIDA, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

GAIA, INC.,

    Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

This Amended Scheduling Order follows a Scheduling Conference held on January 4, 2023 (ECF No. 28), the Court's January 5, 2023 Scheduling Order (ECF No. 29), and further communication between counsel following the Court's March 1, 2024 Order (ECF No. 61).

Counsel for Plaintiff Christopher Guida ("Plaintiff") and the Proposed Class

Christopher J. Cormier
Burns Charest LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Phone: (202) 577-3977

Hannah M. Crowe
Burns Charest LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Phone: (469) 904-4550

Nicomedes Sy Herrera
Herrera Kennedy LLP
1300 Clay Street, Suite 600
Oakland, CA 94612
Phone: (415) 422-4701

Rachel Geman
Douglas I. Cuthbertson
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Phone: (212) 355-9500

Michael K. Sheen
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000

Shawn M. Kennedy
Herrera Kennedy LLP
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Phone: (949) 936-0900

Counsel for Defendant Gaia, Inc. ("Gaia")

Thomas J. Krysa
Kelsey C. Boehm
Stephanie Adamo
Foley & Lardner LLP
1400 16th Street, Suite 200
Denver, Colorado 80202
Phone: 720.437.2027

Todd A. Murray
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201-3340
Phone: 214.999.3000

Eileen R. Ridley
Foley & Lardner LLP
555 California Street, Suite 1700
San Francisco, CA 94104
Phone: 415.438.6469

## 2. STATEMENT OF JURISDICTION

The parties agree this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The parties dispute whether Plaintiff has suffered an injury-in-fact sufficient to

2

establish Article III standing, which the parties address in the motion to dismiss briefing filed with the Court.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**

The Video Privacy Protection Act ("VPPA") prohibits "video tape service providers" such as Gaia, which operates a streaming video service to its subscribers, from "knowingly disclos[ing]" consumers' "personally identifiable information" ("PII"), including "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." *See* 18 U.S.C. § 2710 (a)(3), (a)(4) & (b)(1).

Plaintiffs alleges Gaia violated the VPPA each time it knowingly disclosed to third party Meta Platforms Inc. ("Meta"), formerly known as Facebook, Inc., the identity of Gaia's subscribers coupled with the title of the videos they requested or obtained from Gaia's websites. Gaia does so via a tracking product developed by Meta called the "Pixel," which Gaia installed and on its websites. The Pixel is a string of computer code that collects and discloses to Meta PII about the subscribers using Gaia's websites and the actions they take on them. Among other things, the Pixel transmits the titles of the videos they request or obtain, together with the viewer's "Facebook ID" ("FID"), a unique identifier anyone can use to look up the viewer's Facebook profile, which contains detailed information about the subscriber. Gaia's disclosure of its subscribers' PII allows Meta to build detailed profiles about Gaia's users as those users browse the Internet, to serve them with targeted advertisements, and to provide Gaia with website analytics about its subscribers.

Each time Plaintiff, a Gaia subscriber and Facebook user, requested or obtained videos from Gaia's website, Gaia disclosed to Meta his FID coupled with the titles of the videos. Gaia did

so without obtaining the separate, informed written consent necessary under the VPPA. On these facts, Plaintiff seeks to represent himself and a class of similarly-situated individuals. Plaintiff seeks an order enjoining Gaia from further disclosures of their PII; actual damages but not less than liquidated damages of $2,500 per violation; an award of punitive damages; an award of reasonable attorneys' fees and litigation costs reasonably incurred; pre-judgment and post-judgment interest as provided by law; and all other relief the Court finds necessary and appropriate.

Finally, Plaintiff briefly responds to Gaia's reservation of rights about the scope of discovery, set forth below. Plaintiffs' position—against the backdrop that courts rightly are allowing similar cases to proceed to discovery, in that they are denying motions to dismiss and, in some cases, denying motions to stay—is that all discovery is open. This is consistent with the Federal Rules of Civil Procure and Gaia's ability to show any *particular* discovery request is objectionable. Common sense and fairness dictate that Gaia should not get a discovery stay without even attempting to show (and it could not show) that this is the rare case where a stay is warranted.

b. **Gaia**

Plaintiff's lawsuit is part of a flood of class action lawsuits across the country that attempt to expand the VPPA well beyond its purpose and intent. First and foremost, Plaintiff has failed to allege a concrete injury nor a plausible claim for relief under the VPPA, and thus, his lawsuit should be dismissed. Second, Plaintiff's purported issues are with Meta and its technology, not with Gaia. For it is Meta's technology that tracks Plaintiff's internet usage including his video-watching activity on Gaia's website. And, of course, Plaintiff willingly became a Meta user, joining one the world's most popular social media websites – the furthest thing from a private space – voluntarily subjecting himself to Meta's terms of use and web-tracking technology. As a

result, it was Meta, not Gaia, that tracked Plaintiff's web-browsing activity on Gaia's website. Gaia simply did not disclose Plaintiff's PII as alleged in the Complaint. At bottom, there are no plausible violations of the VPPA by Gaia.

Until the Court decides Gaia's motion to dismiss, discovery in this matter should be limited until it is clear what claims and issues will remain in the case (if any). Gaia reserves the right to object to any proffered discovery or to move to stay discovery if such motion becomes necessary.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff has subscribed to Gaia.

2. Gaia is a Colorado corporation.

3. Gaia completed its acquisition of Yoga International, Inc. on December 22, 2021.

4. Gaia owns and operates the Gaia (gaia.com) and Yoga International (yogainternational.com) websites, which each provide streaming video content to its subscribers.

### 5. COMPUTATION OF DAMAGES

In accordance with the VPPA, Plaintiff seeks (a) actual damages but not less than liquidated damages of $2,500 per violation, and (b) punitive damages. *See* 18 U.S.C. § 2710(c)(2)(A)–(B). In computing damages on behalf of himself and the class, Plaintiff will seek and rely on information obtained through discovery concerning, *inter alia*, the number of violations that occurred, and the extent to which Gaia's conduct was malicious, intentional, or grossly negligent, and accompanying expert witness analysis.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) Meeting:**

The meeting commenced on December 15, 2022, following which the parties worked in good faith to exchange drafts, and was completed on and after a telephonic conference on December 27, 2022.

b.  **Names of each participant and party represented:**

- Rachel Geman for Plaintiff.

- Thomas J. Krysa and Stephanie Adamo for Defendant.

c.  **Statement as to when Rule 26(a)(1) disclosures will be made:**

The parties served their initial disclosures by January 20, 2023.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Rule 26(a)(1):**

The parties served their initial disclosures by January 20, 2023.

e.  **Statement concerning any agreements to conduct informal discovery:**

The parties have worked and will continue to work together expeditiously and in good faith to conduct informal discovery relevant to the litigation and trial (if not potential resolution) of this case. For example, the parties have conferred informally regarding the estimated size of the class; how, where, and by whom the relevant subscriber data is stored (including the types of data that are stored); and the relevant time period for document discovery.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

The parties have worked and will continue to work together expeditiously and in good faith to reduce litigation costs and increase efficiencies where practicable, including working

cooperatively to narrow issues in dispute and resolve disputes between the parties without court intervention where possible; to enter agreements on the extent, scope, and timing of discovery; and to enter into stipulations and other agreements that increase the efficient and effective litigation of this case.

In addition, the parties filed a proposed Joint and Stipulated Protective Order on January 13, 2023 (ECF No. 31), which the Court entered on January 20, 2023 (ECF No. 38).

The parties agree to use a unified exhibit numbering system for, among other things, pre-trial depositions and the trial exhibit list.

    g.    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information ("ESI"), or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:**

The parties anticipate a substantial amount of discovery will involve ESI and, accordingly, jointly submitted for the Court's approval a proposed Joint and Stipulated Order Regarding the Production of Electronically Stored Information and Hard Copy Documents ("ESI Order") on January 20, 2023 (ECF No. 39), which the Court entered on January 21, 2023 (ECF No. 41). The parties also anticipate that a significant portion of this discovery will be sought from and produced by third-party Meta Platforms, Inc. (formerly Facebook, Inc.) and concern, among other relevant subjects of information, the purposes and operations of the Pixel and the c_user cookie as referenced in the Complaint.

    h.    **Statement summarizing the parties' discussions regarding the possibilities for promptly resolving the case:**

The parties have discussed the possibilities of early case resolution. Specifically, the parties participated in a mediation before the Honorable Suzanne H. Segal (ret.), on November 29, 2023,

and in subsequent settlement discussions with the assistance of the mediator, but to date have been unable to reach a resolution of this matter. *See* ECF No. 58. If the Court wishes to order a further alternative dispute resolution procedure, the parties believe such a procedure would be most appropriate if scheduled following the Court's decision on a motion for class certification.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:** None.

b. **Limitations which any party proposes on the length of depositions:** None.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

As set forth below, Plaintiff believes more than 25 requests for production may be warranted, and Gaia disagrees.

Plaintiff brings claims on behalf of himself and a class of similarly situated Gaia subscribers likely in the hundreds of thousands. Plaintiff anticipates he may require more than 25 requests for production, While this is a data-driven case in terms of core issues, there are also a number of areas of discovery relevant to Plaintiff's claims that he has brought on behalf of the class, These include, but are not limited to: (1) every disclosure of an individual's PII offends the interests that the VPPA protects and, therefore, Plaintiff has standing to vindicate his substantive right to privacy in federal court; (2) whether Gaia is a "video tape service provider" under the VPPA; (3) whether each Plaintiff and class member is a "consumer" under the VPPA; (4) whether Gaia disclosed Plaintiff's and class members' PII to Meta; (5) whether the information disclosed

8

by Gaia comprises PII under the VPPA; (6) whether Gaia's disclosure of Plaintiff's and class members' PII was done knowingly; (7) whether Gaia obtained consent in the manner prescribed by the VPPA before disclosing Plaintiffs' and class members' PII to Meta; and (8) whether, as result of the issues identified above, Gaia's conduct violates the VPPA. Plaintiff anticipates that relevant and responsive discovery Gaia will produce will include datasets, contemporaneously generated business documents including e-mails, reports, memos and presentations, regulatory filings, and advertising and marketing materials from shared files as well as the files of individual custodians. Plaintiff's anticipated discovery requests regarding these topics are proportional to the needs of this case, considering the centrality of these issues to Plaintiff's claims and Gaia's defenses, the potentially large amount in controversy, Gaia's relatively superior (and often exclusive) access to relevant information, Gaia's resources, the importance of the discovery in resolving the issues, and the limited burden of discovery.

Defendant asserts the presumptive limitation of 25 requests for production is sufficient for this litigation.

Pursuant to the Court's January 1, 2023 Scheduling Order, a presumptive limit of 25 requests for production applies absent leave of Court. ECF No. 29.

      d.    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**

The parties propose a schedule through an order on class certification, as set forth in Section 1.e (although they have also included dates up to and including an order on summary judgment and the pre-trial conference should the Court prefer). Following the order on class certification, the Court would set further deadlines, including a for brief and meet and confer for the parties to determine if any additional discovery is required beyond supplementation, merits expert report

9

deadlines, deadlines for summary judgment, and all other necessary deadlines up to and including the trial date.

e. **Other Planning or Discovery Orders**

The parties propose the following schedule through an order on class certification:

| Event | Date |
|---|---|
| Deadline for completion of document production | June 28, 2024 |
| Deadline for production of privilege logs | July 26, 2024 |
| Deadline for Plaintiff to file motion for class certification and serve class expert reports | October 11, 2024 |
| Deadline for Defendant to file a response to motion for class certification and serve class expert reports | December 20, 2024 |
| Deadline for Plaintiff to file a reply in support of motion for class certification and serve rebuttal class expert reports | January 31, 2025 |
| Hearing on motion for class certification | February 21, 2025 (or at the Court's convenience) |

**The Court:** Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion. *See* Section III(C) of Magistrate Judge Hegarty's Practice Standards for Civil Actions. *See* ECF No. 29.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings**

Forty-five days after the resolution of Gaia's motion to dismiss (ECF No. 20), currently pending before the Court.

b. **Discovery Cut-Offs**

The parties shall contact the Court and propose a supplemental schedule upon issuance of the District Judge's decision on the pending Motion to Dismiss. *See* ECF No. 29.

c. **Dispositive Motion Deadlines**

The parties shall contact the Court and propose a supplemental schedule upon issuance of the District Judge's decision on the pending Motion to Dismiss. *See* ECF No. 29.

d. **Expert Witness Disclosures**

1. Anticipated fields of expert testimony:

Plaintiff anticipates offering expert testimony about the Pixel's use and operation on Gaia's websites, the nature, extent and scope of subscriber data the Pixel on Gaia's websites collects and transmits to Facebook, the existence, storage and location of this data, the number of subscribers whose personally identifiable information was transmitted by Gaia's Pixel to Facebook, and how this information is relevant to assessing Gaia's liability under the VPPA on a class-wide basis. He reserves the right to offer additional or different areas expert testimony as necessary.

Defendant anticipates offering expert testimony regarding Meta technology and related issues, Gaia's website technology, and issues related to class certification.

2. Limitations which the parties propose on the use or number of expert witnesses: None.

3. Following an order on class certification, the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ninety days after the supplemental schedule's (see above) discovery deadline. *See* ECF No. 29.

4. Following an order on class certification, the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before twenty-eight days after the initial disclosure of experts. *See* ECF No. 29.

5. In addition to the requirements set forth in Fed. R. Civ. P. 26(a)(2)(B), the parties filed a Stipulation Regarding Expert Discovery on January 13, 2023 (ECF No. 32).

e. **Identification of Persons to Be Deposed**

Plaintiff intends to depose Gaia's corporate designees and its current or former directors, officers or employees in their individual capacities following Gaia's completion of document production and before the deadline for their class certification motion. Plaintiff reserves the right to depose additional Gaia and third-party witnesses based on information gathered through discovery, including identification of potential witnesses in Gaia's forthcoming Rule 26(a) initial disclosures, and information provided by Meta.

Defendant intends to depose Plaintiff. Defendant reserves the right to depose third-party witnesses based on information gathered through discovery, including witnesses identified in Rule 26(a) initial disclosures. Defendant anticipates taking certain depositions, including the deposition of Plaintiff, prior to the motion for class certification.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: \_\_\_\_\_.

b. If no summary judgment motions are filed, the parties shall contact District Judge Gallagher jointly **via email** (Gallagher_Chambers@cod.uscourts.gov) within **ten days** after the dispositive motions deadline to set a Final Pretrial Conference. *See* Section III.A. of District Judge

Gallagher's Standing Order Regarding Pretrial and Trial Procedures – CIVIL. If dispositive motions are filed, parties shall contact District Judge Gallagher jointly via **email** within **thirty days** after the Court has issued a ruling (assuming the case survives a motion for summary judgment) to set a Final Pretrial Conference. *Id.* **At least fourteen days before the scheduled date of the Final Pretrial Conference**, counsel shall meet and confer to develop jointly the contents of the proposed Final Pretrial Order. *Id.* It is the responsibility of Plaintiff's counsel (but if Plaintiff is pro se, it shall be Defendant's counsel's responsibility) to schedule meetings and then file and submit the proposed Final Pretrial Order. *Id.* If the parties agree, Plaintiff may delegate responsibility for filing and submission to Defendant. *Id.* Unless otherwise ordered, the parties shall submit their proposed Final Pretrial Order **no later than seven days before the date of the Final Pretrial Conference**. *Id.* The proposed Final Pretrial Order should be filed in CM/ECF and submitted electronically **in editable (Word) format** directly to District Judge Gallagher's Chambers at Gallagher_Chambers@cod.uscourts.gov. *Id.*

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

b. Anticipated length of trial and whether trial is to the court or jury:

- Plaintiff: The operative complaint contains a jury demand. Plaintiff presently anticipates that trial will last approximately five (5) days.

- Defendant anticipates that trial will last approximately ten (10) days.

   c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of March, 2024.

            BY THE COURT:

              S/Michael E. Hegarty

            Michael E. Hegarty
            Chief United States Magistrate Judge