UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| CHRISTOPHER GUIDA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GAIA, INC.,<br><br>Defendant. | Case No. 1:22-cv-02350-GPG-MEH<br><br>Hon. Gordon P. Gallagher |

## PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiff Christopher Guida's ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion attaches and incorporates a Class Action Settlement Agreement (the "Settlement") that sets forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendant Gaia, Inc. ("Gaia" and, along with Plaintiff, the "Parties").

Having carefully considered the Motion and the Settlement, and all of the files, records, and proceedings herein, and the Court determining that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); that it likely will be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3); that the proposed plan of notice to the Settlement Class is the best notice practicable under the circumstances and consistent with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2); and that a hearing should and

will be held after notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this action based upon the Settlement,

**NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Class described below.

<u>**Preliminary Approval of Proposed Settlement**</u>

3. The Court finds that, subject to the Final Approval Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class, especially considering the risks and delay of continued litigation. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of mediator the Honorable Suzanne H. Segal (Ret.); (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Gaia.

<u>**Certification of Settlement Class**</u>

4. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and

solely for purposes of judgment on the proposed Settlement, the Court preliminarily approves the following Settlement Class:

> All individuals residing in the United States who, during the Class Period [September 12, 2020, to and through the date of this Order], subscribed or otherwise signed up for access to Gaia's services, and requested or obtained any prerecorded (including on-demand replay) videos available on Gaia's Websites [gaia.com and yogainternational.com] while they had a Facebook account.

5. Excluded from the Settlement Class are (1) any judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

6. All persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

7. For purposes of settlement only, the Court finds that it will likely be able to certify the Settlement Class under Federal Rules of Civil Procedure 23(a) and (b)(3), as the prerequisites thereunder have been met, including (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (*e.g.*, whether Gaia unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710, and whether Plaintiff and the Settlement Class Members are entitled

to uniform statutory damages under the VPPA); (3) that Plaintiff's claims are typical of the claims of the Settlement Class; that Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class; and (4) that a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

8.  Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Christopher Guida is hereby appointed Class Representative and the following are hereby appointed as Class Counsel:

>   Rachel J. Geman
>   LIEF, CABRASER, HEIMANN & BERNSTEIN, LLP
>   250 Hudson Street, 8th Floor
>   New York, NY 10013-1413
>
>   Christopher J. Cormier
>   BURNS CHAREST LLP
>   4725 Wisconsin Avenue, NW
>   Washington, DC 20016
>
>   Shawn M. Kennedy
>   HERRERA KENNEDY LLP
>   5900 S. Lake Forest Ave., Suite 300
>   McKinney, TX 75070

9.  The Court finds that above attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff will adequately protect the interests of the Settlement Class defined above.

## Notice and Administration

10. The Court hereby appoints Angeion Group, LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement—including providing notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11. The Court has carefully considered the forms and methods of notice to the

Settlement Class set forth in the Settlement ("Notice Plan"). The Court finds that the Notice is reasonably calculated to apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members. The Court further finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. Accordingly, the Court finds that no notice other than that specifically identified in the Settlement is necessary in this Action.

12.     The Court hereby approves the Notice Plan and the form, content, and requirements of the Claim Form attached as Exhibit A to the Settlement, the E-mail Notice attached as Exhibit B to the Settlement, and the Long Form Notice attached as Exhibit C to the Settlement. The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

13.     The Settlement Administrator shall cause the Notice Plan to be executed within forty-five (45) days following the entry of this Order (the "Notice Date"). Class Counsel, prior to the Final Approval Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan. The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

## Submission of Claims and Exclusion

14. Class Members who wish to receive benefits under the Settlement must complete and submit a timely and valid Claim Form to the Settlement Administrator in accordance with the instructions contained therein. To be timely, Claim Forms must be postmarked or received by the Settlement Administrator by **November 25, 2024**. Class Members who do not submit a claim and those who do not submit a timely and valid claim will not receive a payment under the Settlement, but they will be bound by the Settlement.

15. The Settlement Administrator shall review all claims to determine their validity and shall employ reasonable procedures to screen claims for abuse and fraud, and to deny claims where there is evidence of abuse or fraud. The Settlement Administrator may reject any claim that is not submitted by a Class Member; that does not comply in any material respect with the instructions on the Claim Form; or that is submitted after the Claims Deadline.

16. Each and every member of the Settlement Class who does not timely and validly submit a claim shall be forever barred from participating in any distributions of the Settlement Fund, and shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement, unless such person requests exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

17. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail a request for exclusion to the Settlement Administrator. The request for exclusion must be in writing, must be mailed to the Settlement Administrator at the address specified in the Class Notice, must be postmarked no later than forty-five (45) days following the Notice Date, must include the

name and number of the case, and must clearly state the Settlement Class member's desire to be excluded from the Settlement Class, as well as the Settlement Class member's name, address, and signature. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.  No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

18. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Gaia.

19. All members of the Settlement Class who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against Gaia.

20. The Settlement Administrator shall promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

## Appearances and Objections

21. Any member of the Settlement Class who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and costs, or to the service award to the Class Representative must file with the Court a written statement (along with any supporting papers), postmarked or filed on or before 45 days following the Notice Date, that includes: a caption or title that identifies it as "Objection to Class Settlement in *Guida v. Gaia, Inc.*, Case No. 1:22-cv-02350-GPG-MEH"; the Settlement Class Member's name and

address; an explanation of the basis upon which the objector claims to be a Settlement Class Member, including information sufficient to identify the objector's current Facebook page or a screenshot showing that such objector was a Facebook member during the class period; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and the objector's handwritten or electronically imaged written signature.

22.     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

23.     A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Approval Hearing as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition

to the approval of the Settlement and/or the request for attorneys' fees and costs and/or the request for service award to the Class Representative will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Approval Hearing. No non-party, including members of the Settlement Class who have timely opted out of the Settlement, will be heard at the Final Approval Hearing.

24. Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement by appeal or other means; and shall be bound by all terms of the Settlement and by all proceedings, orders, and judgments in the Action.

## **Final Approval Hearing**

25. The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before this Court on **December 9, 2024** at **1:00 PM MT** in Courtroom 323 of the Wayne Aspinall Federal Building, 400 Rood Avenue, Grand Junction, CO 81501 for the following purposes:[1]

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3) are met;

---

[1] The Court is aware that this matter does not relate to Grand Junction, and the Court will permit the parties and other participants to attend remotely via VTC. Persons interested in attending the Final Approval Hearing via VTC should contact Donald Clement, Judge Gallagher's courtroom deputy, at Donald_Clement@cod.uscourts.gov in advance of the hearing.

  (b) to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court;

  (c) to determine whether the judgment as provided under the Settlement Agreement should be entered;

  (d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

  (e) to consider the application for a service award to the Class Representative;

  (f) to consider the distribution of the Settlement benefits under the terms of the Settlement Agreement; and

  (g) to rule upon such other matters as the Court may deem appropriate.

26. On or before thirty (30) days after the Notice Date, Class Counsel shall file any application for attorneys' fees and expenses and service award to the Class Representative (collectively, the "Fee Petition"). Gaia may, but is not required to, file a response to Class Counsel's Fee Petition with the Court no later than twenty-one (21) days before the Final Approval Hearing. Class Counsel may file a reply in support of their Fee Petition with the Court no later than fourteen (14) days before the Final Approval Hearing.

27. On or before thirty (30) days after the Notice Date, Plaintiff shall file papers in support of final approval of the settlement. Papers in response to any objections shall be filed no later than fourteen (14) days before the Final Approval Hearing.

28. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At, or

following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

29. For clarity, the deadlines the Parties and members of the Settlement Class shall adhere to are as follows:

| | |
|---|---|
| **Class Notice Mailed by:** | **September 2, 2024** |
| **Fee Petition and Motion for Final Settlement Approval:** | **October 2, 2024** |
| **Objection/Exclusion Deadline:** | **October 17, 2024** |
| **Claims Deadline:** | **November 25, 2024** |
| **Response to Objections:** | **November 25, 2024** |
| **Final Approval Hearing:** | **December 9, 2024** |

30. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## **Further Matters**

31. All discovery and other pretrial proceedings in the Action as between the Plaintiff and Gaia are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement and this Order.

32. In order to protect its jurisdiction to consider the fairness of the Settlement and to enter a Final Approval Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing or

continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address Releasing Parties' or any Settlement Class member's rights or claims relating to, or arising out of, any of the Released Claims.

33. The Settlement does not constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or wrongdoing of any kind by Gaia, which vigorously denies all of the claims and allegations raised in the Action.

34. In the event that the Settlement is terminated under the terms of the Settlement, or if for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement shall be null and void, including any provisions related to the award of attorneys' fees and costs, shall have no further force and effect with respect to any party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion. This Order shall not be construed or used to

show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

35.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED**.

DATED:  July 19, 2024

_____

Honorable Gordon P. Gallagher

United States District Judge