# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| CHRISTOPHER GUIDA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GAIA, INC.,<br><br>Defendant. | Case No. 1:22-cv-02350-GPG-MEH<br><br>Hon. Gordon P. Gallagher |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter is before the Court on Plaintiff Christopher Guida's ("Plaintiff") unopposed Motions for (1) Final Approval of Class Action Settlement (the "Final Approval Motion") and (2) Award of Attorneys' Fees, Litigation Costs, and Service Award (the "Fee Motion") (collectively, the "Motions"). The Motions reference and incorporate a Class Action Settlement Agreement (the "Settlement") that sets forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendant Gaia, Inc. ("Gaia" and, along with Plaintiff, the "Parties").

Having carefully considered the Motions and the Settlement, and all the files, records, and proceedings herein, including arguments set forth at the Final Approval Hearing on the Settlement, and finding good cause,

**NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. This Final Approval Order and Judgment ("Order and Judgment") incorporates by reference the definitions in the Settlement, and unless otherwise

indicated, capitalized terms herein shall have the same meaning as set forth in the Settlement.

2. The Court has jurisdiction over the subject matter of this action ("Action") and personal jurisdiction over the Parties and the members of the Settlement Class described below.

## Certification of the Settlement Class

3. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement, the Court certifies the following Settlement Class:

> All individuals residing in the United States who, during the Class Period [September 12, 2020, to and through July 19, 2024], subscribed or otherwise signed up for access to Gaia's services, and requested or obtained any prerecorded (including on-demand replay) videos available on Gaia's Websites [gaia.com and yogainternational.com] while they had a Facebook account. Excluded from the Settlement Class are (1) any judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

The Settlement Class, which will be bound by this Order and Judgment, shall include all members of the Settlement Class who did not submit a timely and valid request for exclusion.

4. The Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions

affecting only individual members (*e.g.*, whether Gaia unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and whether Plaintiff and the Settlement Class Members are entitled to uniform statutory damages under the VPPA); (3) Plaintiff's claims are typical of the claims of the Settlement Class; (4) Plaintiff and his counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and (5) a class action settlement is a superior method of fairly and efficiently adjudicating this Action.

5. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Christopher Guida is appointed Class Representative and the following are hereby appointed as Class Counsel: Rachel Geman of Lieff Cabraser Heimann & Bernstein, LLP; Christopher Cormier of Burns Charest LLP; and Shawn Kennedy of Herrera Kennedy LLP.

**Final Approval of the Settlement Agreement and Notice Program**

6. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval under Rule 23(e), as well as other factors relevant to class settlement approval. *See, e.g., O'Dowd v. Anthem, Inc.*, 2019 WL 4279123, at *12 (D. Colo. Sept. 9, 2019).

7. Having considered the terms of the Settlement and the record before it, including that there were no objections to the Settlement and no requests for exclusion from the Settlement Class, the Court finds that the Settlement Class Representative and Class Counsel have adequately represented the interests of Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released

3

Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a mediation conducted by respected mediator Honorable Suzanne H. Segal (Ret.); the Settlement provides meaningful monetary and non-monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the circumstances of this Action, including the risks, complexity, expense and duration of the Action, and the reaction of the Settlement Class. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement, implicit or otherwise.

8. The Court finds that the notice program set forth in the Settlement and effectuated pursuant to the Court's July 19, 2024 Preliminary Approval Order (Dkt. 76) and the Court's August 28, 2024 order granting Gaia's unopposed motion to amend the schedule for approving the Settlement (Dkt. 84), satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (i) the pendency of the Action and of the Settlement, including the terms thereof; (ii) Settlement Class Members' rights to object to or exclude themselves from the Settlement, including the procedure for objecting to or opting out of the Settlement, and to appear at the Final Approval Hearing; (iii) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (iv) important dates in the settlement approval process, including the date of the Final Approval Hearing; (v) Class Counsel's request for an award of reasonable attorneys' fees and expenses; and (vi) the Class

4

Representative's application for a service award.

9. The Court hereby reaffirms its appointment of Angeion Group, LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement—including providing notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions, and Class Counsel is authorized to reimburse the Settlement Administrator from the Settlement Fund for the reasonable expenses consistent with those terms and provisions.

10. No members of the Settlement Class have requested exclusion from the Settlement Class, and no members of the Settlement Class objected to the Settlement.

11. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

### Attorneys' Fees, Litigation Costs and Service Award

12. The Court has also considered Plaintiff's Fee Motion, as well as the supporting memorandum of law and declarations, and adjudges that the payment of attorneys' fees and costs in the aggregate amount of $666,666.66 is reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement.

13. The Court further finds that the requested service award to the Class Representative is fair and reasonable. As such, the Court approves a service award to the Class Representative in the amount of $2,000, to be paid from the Settlement Fund

in the manner and at the times set forth in the Settlement.

## **Dismissal and Final Judgment**

14. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

15. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment and shall have the full force of an Order of the Court.

16. Upon the Effective Date and by operation of this Order and Judgment, the Releasing Parties (including Plaintiff and those Settlement Class Members who did not timely exclude themselves from the Settlement Class and whether or not such members submitted claims), and each of them, shall be deemed to have, and by operation of the Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement) against the Released Parties based on the Released Claims.

17. Upon the Effective Date and by operation of this Order and Judgment, the Settlement will be binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties.

18. The Parties, without further approval from the Court, are hereby permitted

6

to agree and adopt such amendments, modifications, and expansions of the Settlement and its implementing documents (including all exhibits to the Settlement) so long as they are consistent in all material respects with this Order and Judgment and do not limit the rights of Settlement Class Members.

19. The Court shall retain exclusive, continuing jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the notice program, this Order and Judgment, or the Settlement.

20. In the event that this Order and Judgment is reversed upon appeal or otherwise does not become final, (i) this Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Settlement, the Settlement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; (iii) the Settlement Fund shall be refunded to Gaia, less reasonable settlement administrative expenses actually incurred and paid; and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement.

21. Neither the Settlement, the negotiation thereof, nor any proceeding or document executed pursuant to or in furtherance thereof (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order and Judgment.

22. This Court hereby directs entry of this Order and Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just

reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED**.

DATED: December 10, 2024

Honorable Gordon P. Gallagher

United States District Judge